UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Alfonso Herrera Gallegos (A-Number: 241-059-825),<br>Petitioner,<br>v.<br>Warden, California City Immigration Processing Center, et al.,<br>Respondents. | No. 1:26-cv-06809-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Docs. 1, 2 |

Petitioner Luis Alfonso Herrera Gallegos ("petitioner" or "Gallegos") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 2. Gallegos entered the United States on or about October 18, 2023. Doc. 1 at 5. Though the Department of Homeland Security detained him shortly thereafter, it released him pending his immigration proceedings. *Id.* During the period of his release, he applied for asylum and immigration authorities provided him with employment authorization. *Id.* at 5–6. Immigration and Customs Enforcement ("ICE") re-detained Gallegos in August 2026 following a traffic infraction. *Id.* at 7. Respondents do not allege that Gallegos violated the conditions of his release. *See* Doc. 6.

The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing

evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that justify denying the petition. Doc. 5.

Respondents fail to distinguish these authorities or raise any argument that this Court has not previously considered. Respondents maintain that, as Gallegos is detained under 8 U.S.C. § 1226(a), he is entitled to a bond hearing "before an immigration judge where he bears the burden of demonstrating that he does not constitute a flight risk or a danger to the community." Doc. 6 at 1. But respondents do not contest that ICE previously released Gallegos shortly after his October 2023 entry, and they do not identify any urgent flight or danger risk supporting their re-detention of Gallegos in 2026 without a pre-deprivation hearing.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Luis Alfonso Herrera Gallegos (A-Number: 241-059-825) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide petitioner a pre-deprivation bond hearing before a neutral decisionmaker. At such a hearing, the burden will be on the government to demonstrate, by clear and convincing evidence, that petitioner is a flight risk or danger to the community, such that his physical custody is legally justified. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before a bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond as well as alternative conditions of release.

The motion for temporary restraining order is DENIED as moot.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Immigration Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: September 2, 2026

UNITED STATES DISTRICT JUDGE